# Exhibit "A"

*"Plaintiff's Complaint"*

Electronically Filed
7/19/2021 11:31 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
KIMBALL JONES, ESQ.
Nevada Bar No.: 12982
**BIGHORN LAW**
2225 E. Flamingo Road
Building 2, Suite 300
Las Vegas, Nevada 89119
Phone: (702) 333-1111
Email: Kimball@BighornLaw.com
*Attorneys for Plaintiff*

CASE NO: A-21-838061-C
Department 4

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CECIL R. DUENAS, as an individual, CECIL R. DUENAS, Administrator of the ESTATE OF OSIRYS BARRAZA DE DUENAS and the ESTATE OF OSIRYS BARRAZNA DE DUENAS, individually,<br><br>    Plaintiffs,<br><br>v.<br><br>WAL-MART STORES EAST, LP, a Foreign Limited Partnership; WALMART, INC., a foreign corporation; DOUG HARRIS; DOE STORE MANAGERS I through X; DOE STORE EMPLOYEES I through X; DOE OWNERS I through X; DOE PROPERTY MANAGERS I through X; DOE MAINTENANCE EMPLOYEES I through X; DOE JANITORIAL EMPLOYEES I through X; ROE PROPERTY MANAGERS XI through XX; ROE MAINTENANCE COMPANIES XI through XX; ROE OWNERS XI through XX; ROE EMPLOYERS XI through XX; DOES XXI through XXV; and ROE CORPORATIONS, XXV through XXX, inclusive, jointly and severally,<br><br>    Defendants. | CASE NO.:<br>DEPT. NO.: |

**COMPLAINT**

COMES NOW the Plaintiffs CECIL R. DUENAS., as an individual and as the Administrator of

the ESTATE OF OSIRYS BARRAZNA DE DUENAS and the ESTATE OF OSIRYS BARRAZNA DE

DUENAS, individually, by and through their counsel, KIMBALL JONES, ESQ., with the Law Offices

Page 1 of 19

of **BIGHORN LAW**, and for their cause of action against the Defendants, and each of them, alleges as follows:

## PARTIES AND JURISDICTION:

1.  At all times relevant hereto, Decedent OSIRYS BARRAZNA DE DUENAS was a resident of Clark County, Nevada.

2.  CECIL R. DUENAS., is a Clark County Resident, the biological Daughter of OSIRYS BARRAZNA DE DUENAS, and was duly appointed Administrator of the ESTATE OF OSIRYS BARRAZNA DE DUENAS by Court Order on January 5, 2021.

3.  Plaintiff CECIL R. DUENAS is a duly authorized Administrator authorized to bring this action on behalf of the Decedent's ESTATE and the Heirs of OSIRYS BARRAZNA DE DUENAS.

4.  Upon information and belief, that at all times relevant to this action, the Defendant WAL-MART STORES EAST, LP, a Foreign Limited Partnership (hereinafter referred to as "WAL-MART"), and/or DOE OWNERS I through X; and/or DOE PROPERTY MANAGERS I through X; and/or ROE OWNERS XI through XX; and/or ROE CORPORATIONS, XXV through XXX, was an entity doing business in the State of Nevada.

5.  Upon information and belief, that at all times relevant to this action, the Defendant WALMART, INC., a Foreign Corporation (hereinafter referred to as "WAL-MART"), and/or DOE OWNERS I through X; and/or DOE PROPERTY MANAGERS I through X; and/or ROE OWNERS XI through XX; and/or ROE CORPORATIONS, XXV through XXX, was an entity doing business in the State of Nevada.

6.  Upon information and belief, that at all times relevant to this action, Defendant DOUG HARRIS, and/or DOE STORE MANAGERS I through X, was at all times relevant to this action a resident of Las Vegas, Clark County, Nevada.

7. Upon information and belief, DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE EMPLOYERS XI through XX and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, was the appropriate party responsible for the maintenance and safe-keeping of the property located at 50 Marks St., Henderson, Nevada 89014, and surrounding parking lot thereof, and is a resident of Clark County, Nevada or business entity established in and/or doing business is the State of Nevada.

8. Upon information and belief, DOE OWNERS I through X, and/or ROE OWNERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, was the owner of the property located at 50 Marks St., Henderson, Nevada 89014, and is a resident of Clark County, Nevada or business entity established in and/or doing business is the State of Nevada.

9. Upon information and belief, DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, was the contracted property management company for the property located at 50 Marks St., Henderson, Nevada 89014 and is a resident of Clark County, Nevada or business entity established in and/or doing business is the State of Nevada.

10. Upon information and belief DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or ROE EMPLOYERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, was the appropriate party responsible for the hiring, training, and supervision of DOE MAINTENANCE EMPLOYEES I through X, and/or DOE

JANITORIAL EMPLOYEES I through X, and was a business entity established in and/or doing business is the State of Nevada.

11.   That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX; DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, are unknown to PLAINTIFF, who therefore sue said Defendants by such fictitious names accordingly.

12.   PLAINTIFF CECIL is informed, and believes, and thereon alleges that each of the Defendants designated herein as DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, are responsible in some manner for the events and happenings referred to and caused damages proximately to PLAINTIFF ROBERTS as herein alleged, and that PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, when the same have been ascertained, and to join such defendants in this action.

13.   At all times relevant hereto the conduct and activities hereinafter complained of occurred within Clark County, Nevada.

**FIRST CAUSE OF ACTION**
**(Negligence as to All Defendants)**

14.   Plaintiffs, and each of them, incorporates by this reference all of the allegations of paragraphs 1 through 13, hereinabove, as though completely set forth herein.

15. That upon information and belief, at all times relevant to this action, DEFENDANTS WAL-MART, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, were the owners or lessees and occupied, operated, maintained and controlled those premises located at 50 Marks St., Henderson, Nevada 89014.

16. That on or about July 21, 2019, Defendant DOUG HARRIS was responsible for verifying that the freezers were in good working order without leaks and to order that any freezers with leaks be fixed immediately to avoid guest injury.

17. That Defendant DOUG HARRIS was aware that when the subject freezers leaked liquid, the liquid would spill onto the polished concrete, creating an ultrahazardous slippery condition.

18. That on or about July 21, 2019, Defendant DOUG HARRIS was specifically aware of the at-issue freezers were leaking, causing an ongoing unreasonably dangerous condition to exist on the polished concrete.

19. That on or about July 21, 2019, Defendant DOUG HARRIS, with a conscious disregard for the safety of patrons shopping in the store, and with a knowledge of the probable consequences of his actions, chose to make no repairs and to set up no safety barriers for the known leaks.

20. That on or about July 21, 2019, Defendant DOUG HARRIS caused and/or created an ultrahazardous condition to exist by choosing to ignore and not fix a dangerous condition that he was specifically aware of.

21. That on or about July 21, 2019, PLAINTIFF OSIRYS, while on the premises in question, was exposed to and did encounter an unreasonably dangerous hazard, namely a foreign substance on

the floor near the freezer section that had leaked out from the freezers, causing her to fall and sustain personal injuries.

22.  That on or about the July 21, 2019, and for some time prior thereto, DEFENDANTS WALMART, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and/or ROE MAINTENANCE COMPANIES XI through XX, and each of the Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the said premises, located at 50 Marks St., Henderson, Nevada 89014, so as to cause and allow an unreasonably hazardous and dangerous premises.

23.  That on or about the July 21, 2019, and for some time prior thereto, DEFENDANTS WALMART, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants (by and through their authorized agents, servants, and ASSOCIATES , acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the said premises, located at 50 Marks St., Henderson, Nevada 89014, in that they maintained the area in such a manner that it presented a dangerous and hazardous condition in an area intended for the use and commonly and regularly used by invitees of the said Defendants.

24.   That on or about the July 21, 2019, and for some time prior thereto, DEFENDANTS WALMART, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants (by and through their authorized agents, servants, and ASSOCIATES , acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the said premises, located at 50 Marks St., Henderson, Nevada 89014, in that said Defendants permitted, allowed and caused said unsafe condition to remain even though DEFENDANTS WALMART, and/or DOUG HARRIS , and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, knew or, through the exercise of ordinary care and diligence, should have known, that its premises was in an unsafe manner so as to create a defective and dangerous condition for anyone walking in the area.

25.   At all times relevant herein, DEFENDANTS WALMART, and/or DOUG HARRIS and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or

ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, failed to maintain the aforesaid premises in a reasonably safe condition; and that said Defendants, negligently, carelessly and recklessly failed to inspect, repair and correct the said condition, or warn PLAINTIFF OSIRYS BARRAZNA DE DUENAS, of the defect therein.

26. At all times herein concerned or relevant to this action, the DEFENDANTS WAL-MART, and/or DOE OWNERS I through X, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, acted by and through their duly authorized agents, servants, workmen and/or employees then and there acting within the course of their employment and scope of their authority for the said Defendants.

27. That the carelessness and negligence of DEFENDANTS WAL-MART, and/or DOE OWNERS I through X, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the

Defendants, in breaching a duty owed to the PLAINTIFF OSIRYS BARRAZNA DE DUENAS, which directly and proximately caused the injuries and damages to PLAINTIFF OSIRYS BARRAZNA DE DUENAS, consisting in and of, but not limited to, the following acts, to wit:

(a) Failure to provide a safe premise for PLAINTIFF OSIRYS BARRAZNA DE DUENAS;

(b) Failure to properly maintain its freezers, resulting in liquid spillage onto the polished concrete;

(c) Failure to clean up the liquid spillage from the freezers onto the polished concrete;

(d) Failure to fix the freezers to stop the freezers from spilling out onto the polished concrete;

(e) Failure to warn PLAINTIFF OSIRYS BARRAZNA DE DUENAS, of the dangerous and hazardous condition then and there existing in said premises, despite a conscious knowledge of the dangerous condition by Defendants HARRIS and Walmart;

(f) Failure to properly and adequately inspect the said dangerous condition to ascertain its hazardous and dangerous condition;

(g) Failure to properly and adequately maintain said premises and/or remedy the said dangerous condition then and there existed in said premises;

(h) Failure to properly and adequately maintain said premises;

28.   DEFENDANTS WAL-MART, and/or DOE OWNERS I through X, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, had knowledge and notice of the existence of the said dangerous and defective condition which existed on said premises.

29.   DEFENDANT WALMART, and/or DOE OWNERS I through X, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, have violated certain statutes, ordinances and building codes, which PLAINTIFF OSIRYS BARRAZNA DE DUENAS prays leave of Court to insert the exact statutes or ordinances or codes at the time of the trial.

30.   That on or about July 21, 2019, PLAINTIFF OSIRYS BARRAZNA DE DUENAS, while lawfully upon said premises of DEFENDANTS WAL-MART, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and as a direct and proximate result of the negligence and carelessness of said Defendants, and each of them, PLAINTIFF OSIRYS BARRAZNA DE DUENAS was caused to suffer the injuries and damages hereinafter set forth when she fell as a result of Defendants' failure to maintain a reasonably safe premises, causing her to fall to the ground and proximately causing to her the injuries and damages as hereinafter more particularly alleged.

31.   That Defendants, and each of them, acted with implied malice, having a conscious disregard for the welfare and safety of patrons, including Plaintiff, with a knowledge of the probable

consequences of Defendants' own neglect, that it would likely eventually result in serious injury or death to a patron and that Plaintiffs' injuries are a result of this malicious and punitive behavior.

32.   By reason of the premises and as a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS WAL-MART, and/or DOE OWNERS I through X, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, without apportionment, OSIRYS BARRAZNA DE DUENAS was caused to be hurt and injured in her health, strength, and well-being, which subsequently resulted in her death, all of which caused Plaintiffs, and each of them, to suffer damages in excess of Fifteen Thousand Dollars ($15,000.00), each.

33.   By reason of the premises and as a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS WAL-MART, and/or DOE OWNERS I through X, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants,

PLAINTIFF OSIRYS BARRAZNA DE DUENAS and each of them, OSIRYS BARRAZNA DE DUENAS was required to, and did, employ physicians, surgeons, and other health care providers, to examine, treat, and care for her and did incur medical and incidental expenses thereby. The exact amount of such expenses is unknown at the present time, but Plaintiffs, and each of them, allege that the damages are in excess of Fifteen Thousand Dollars ($15,000.00).

34. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS WAL-MART, and/or DOE OWNERS I through X, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, PLAINTIFF OSIRYS, has been caused to incur medical expenses, and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently unascertainable. PLAINTIFF OSIRYS may pray leave of Court to insert the total amount of the medical and miscellaneous expenses when the same have been fully determined at the time of the trial for this action.

35. That as a direct and proximate result of the negligence of the Defendants, and each of them, Decedent OSIRYS BARRAZNA DE DUENAS suffered physical pain, mental anguish, emotional distress, pain and suffering, loss of enjoyment of life prior to death, and ultimately suffered wrongful and premature death.

36. That as a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiffs, and each of them, have suffered and will continue to suffer mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, incidental, consequential, and general and special damages in excess of Fifteen Thousand Dollars ($15,000.00), each.

37. That all of the Defendants as named herein are jointly and severally liable to Plaintiffs for their damages.

38. That Plaintiffs, and each of them, have been required to retain the law firm of **BIGHORN LAW** to prosecute this action, and is entitled to recover their attorney's fees, case costs and prejudgment interest.

39. That this Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of attorney's fees, interest, and costs.

40. That this Court has personal jurisdiction in this matter, as the incidents and occurrences that comprise the basis of this lawsuit took place in Clark County, Nevada.

## SECOND CAUSE OF ACTION
**(Respondeat Superior, Negligent Entrustment, Hiring, Training, and Supervision as to DEFENDANTS WAL-MART, and/or DOUG HARRIS, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX)**

41. Plaintiffs, and each of them, incorporate by this reference all of the allegations of paragraphs 1 through 39, hereinabove, as though completely set forth herein.

42. DEFENDANTS WALMART, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI

through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, had a duty to properly hire, train, and supervise all ASSOCIATES to ensure that the property mentioned hereinabove remained in a reasonably safe condition.

43.    That at all times pertinent hereto, DEFENDANTS WAL-MART, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, breached its above-referenced duties by failing to properly hire, train and/or supervise DEFENDANTS and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DEFENDANTS DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DEFENDANTS DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE MAINTENANCE COMPANIES XI through XX, in each of his/her duties and actions as property managers/maintainer and/or employees for DEFENDANTS WAL-MART, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX,

Page 14 of 19

and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX,  and each of the Defendants.

44.   In addition, as the employer of DEFENDANTS WAL-MART, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of them, are vicariously liable for all damage caused by DEFENDANTS WAL-MART, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX,  as said Defendants, were acting within the course and scope of each of his/her employment with DEFENDANTS WAL-MART, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES

XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, at the time of the incident described herein.

45. As a direct and proximate result of Defendants' negligence, without apportionment, OSIRYS BARRAZNA DE DUENAS was caused to be hurt and injured in her health, strength, and well-being, which subsequently resulted in her death, all of which caused Plaintiffs, and each of them, to suffer damages in excess of Fifteen Thousand Dollars ($15,000.00), each.

46. As a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS WAL-MART, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, PLAINTIFF OSIRYS has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court may be requested to include said additional damages when the same have been fully determined.

47. That as a direct and proximate result of the negligence of the Defendants, and each of them, Decedent OSIRYS BARRAZNA DE DUENAS suffered physical pain, mental anguish, emotional distress, pain and suffering, loss of enjoyment of life prior to death, and ultimately suffered wrongful and premature death.

48. That as a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiffs, and each of them, have suffered and will continue to suffer mental anguish, emotional distress, pain and suffering, loss of enjoyment of life, incidental, consequential, and general and special damages in excess of Fifteen Thousand Dollars ($15,000.00), each.

49. That as a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff CECIL R. DUENAS., has suffered non-economic damages consisting in the loss of decedents love, companionship and comfort.

50. That by reason of Decedent's death, and pursuant to NRS 41.085, Plaintiff CECIL R. DUENAS., has been caused to suffer grief and sorrow, loss of probable support, companionship, society, comfort and consortium, all to his damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

51. That by reason of Decedent's death, and pursuant to NRS 41.085, Plaintiffs, and each of them, are entitled to damages for pain, suffering, and for disfigurement of Decedent.

52. That all of the Defendants as named herein are jointly and severally liable to Plaintiffs for their damages.

53. That Plaintiffs, and each of them, have been required to retain the law firm of **BIGHORN LAW** to prosecute this action, and is entitled to recover their attorney's fees, case costs and prejudgment interest.

## **FIRST CLAIM FOR RELIEF:**

Wherefore, Plaintiffs, and each of them, expressly reserving the right to amend this complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays for judgment against all Defendants, and each of them, as follows:

1. General damages for PLAINTIFF CECIL, in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

2.  That as the administrator of the ESTATE OF OSIRYS BARRAZNA DE DUENAS, CECIL R. DUENAS., is entitled to recover medical, funeral, and burial expenses as well as exemplary and punitive damages from Defendants, and each of them, in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

3.  Medical, funeral, and burial expenses incurred by the ESTATE OF ANNETTE F. VELTRE, in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

4.  Special damages for said Plaintiff's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

5.  Compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

6.  Plaintiff CECIL R. DUENAS', loss of love, affection, companionship guidance, instruction and society in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

7.  Grief, mental anguish, emotional distress of the survivors in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

8.  Decedent's conscious pain and suffering from the time of the injury to the time of death in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

9.  Decedent's mental anguish and emotional distress from anticipation of death in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

10. Punitive damages against Defendants for implied malice, in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

11. Costs of this suit;

12. Prejudgment Interest;

13. Attorney's fees; and

/ / /

14.     For such other and further relief as to the Court may seem just and proper in the premises.

DATED this 19<u>th</u> day of July, 2021.

**BIGHORN LAW**

_/s/ Kimball Jones_

**KIMBALL JONES, ESQ.**
Nevada Bar No.: 12982
225 E. Flamingo Road
Building 2, Suite 300
Las Vegas, Nevada 89119
_Attorneys for Plaintiff_

Page 19 of 19