UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CECIL R. DUENAS, et al., | Case No. 2:21-CV-1547 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| WAL-MART STORES EAST, LP, et al.,, | |
| Defendant(s). | |

Presently before the court is defendants Walmart, Inc., and Wal-Mart Stores East, LP's (collectively "defendants") motion to dismiss unknown and alleged store manager Doug Harris. (ECF No. 5). Plaintiffs Cecil R. Duenas, individually and as administrator of the estate of Osirys Barrazna de Duenas, and the estate of Osirys Barrazna de Duenas (collectively "plaintiffs") responded. (ECF No. 7). Defendants replied. (ECF No. 9).

Also before the court is plaintiffs' motion to remand. (ECF No. 8). Defendants responded. (ECF No. 10). Plaintiffs replied. (ECF No. 11).

Finally before the court is defendants' motion for leave to file a supplement to their motion to dismiss (ECF No. 5). (ECF No. 17). Plaintiffs responded in opposition. (ECF No. 18).

I.  **BACKGROUND**

This is a wrongful death case in which Osirys Barrazna de Duenas ("decedent") was allegedly shopping when she slipped, fell, and suffered personal injuries. (ECF No. 1-2). These

**James C. Mahan**
**U.S. District Judge**

personal injuries allegedly led to her death. (*Id.*). Plaintiffs brought suit in state court and defendants timely removed. (ECF Nos. 1; 1-2).

Defendants allege this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1-2). Plaintiffs contend named defendant Doug Harris ("Harris") defeats diversity because Harris and plaintiffs are all residents of Nevada. (ECF No. 8). After removal, defendants promptly filed the instant motion to dismiss Harris. (ECF No. 5).

Defendants move to dismiss on several grounds. (ECF No. 5). The court finds defendants' Rule 12(b)(6) grounds most persuasive and dispositive. Thus, it addresses only whether Harris should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). This finding resolves the remaining two instant motions.

## II. LEGAL STANDARD

### a. Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[1] A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"[C]omplaints that lump defendants together without adequately distinguishing claims and alleged wrongs among the defendants are improper." *Culinary Studios, Inc. v. Newsom*, 517

---

[1] This authority extends to complaints as to a specific party.

James C. Mahan
U.S. District Judge

- 2 -

F. Supp. 3d 1042, 1074–75 (E.D. Cal. 2021). "Generally, '[s]pecifc identification of the parties to the activities alleged by the plaintiffs is required…to enable [a] defendant to plead intelligently." *Id.* at 1074 (citing *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014). Improper lumping may be grounds for dismissal. *Id.* at 1075.

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

**James C. Mahan**
**U.S. District Judge**

- 3 -

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

### b. Motion to Remand

Because the court's jurisdiction is limited by the constitution and 28 U.S.C. §§ 1331, 1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998)). Thus, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary

James C. Mahan
U.S. District Judge

- 4 -

rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Federal courts may exercise diversity jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). For a United States district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Id.*

### III.   DISCUSSION

#### a. Motion to Dismiss

The court employs the two-part test described in *Iqbal*. First, all factual allegations pertaining to defendant Harris are taken as true. *See Iqbal*, 556 U.S. at 678–79. Second, the court considers whether the factual allegations are plausible enough to draw a reasonable inference defendant Harris is liable. *Id.* It is assumed, *arguendo*, that Harris is a real person.

In their complaint, plaintiffs often lump Harris with defendants and a plethora of fictitious defendants for numerous allegations, oftentimes haphazardly attributing multiple

**James C. Mahan**
**U.S. District Judge**

- 5 -

actions indiscriminately to all groups of defendants. (*See* ECF No. 1-2). For example, paragraph 15 reads:

> 15. That upon information and belief, at all times relevant to this action, DEFENDANTS WAL-MART, and/or DOUG HARRIS, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYEES XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, were the owners or lessees and occupied, operated, maintained and controlled those premises located at 50 Marks St., Henderson, Nevada 89014.

(ECF No. 1-2 at 5 ¶ 15). This type of lumping of does not adequately distinguish allegations among defendants, and the court does not consider them for the instant motion to dismiss as they are not well-pled.[2] *See Iqbal*, 556 U.S. at 679 (noting a court should assume veracity of well-pleaded facts); *Newsom*, 517 F. Supp. 3d at 1074–75 ("[C]omplaints that lump defendants together without adequately distinguishing claims and alleged wrongs among the defendants are improper.").

### 1. Negligence

"It is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (citing *Turner v. Mandalay Sports Entm't*, LLC, 180 P.3d 1172, 1175 (Nev. 2008)).

A business owes a duty to its patrons "to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993). There are two scenarios when this duty is triggered. The first—where there are "structural, permanent or continuing

---

[2] To be clear, the court is not overlooking a party's right to plead in the alternative or name fictitious defendants. Instead, it is noting allegations that are incoherently ambiguous are not well-pled for the purposes of the instant motion to dismiss. (*See* ECF No. 1-2).

James C. Mahan
U.S. District Judge

- 6 -

defect[s]" on the property—imposes a general duty of care on the owner of the property. *Eldorado Club v. Graff*, 377 P.2d 174, 176 (Nev. 1962). The second circumstance is where there is a temporary hazardous condition on the property. *Id.*; *see also Asmussen v. New Golden Hotel Co.*, 392 P.2d 49, 50 ("The presence of a foreign substance on a floor generally is not compatible with the standard of ordinary care.").

If an agent or employee of the defendant causes the temporary hazardous condition, then "liability may be found upon ordinary agency principles; *respondeat superior* is applicable, and notice is imputed to the defendant." *Id.* at 175. "Frequently, positive evidence is not available to explain the presence of such foreign substance, and the trier of fact is called upon to draw such reasonable inferences as are permitted from the evidence offered in this regard." *Eldorado Club*, 377 P.2d at 175.

As to plaintiffs' negligence claim against Harris, the court acknowledges the following factual allegations and takes them as true:

1. Harris was aware that when the subject freezers leaked liquid, the liquid would spill onto the polished concrete, creating a slippery condition (ECF No. 1-2 at 5 ¶ 17);

2. On or about July 21, 2019, Harris was specifically aware that the at-issue freezers were leaking, causing an ongoing dangerous condition to exist on the polished concrete (ECF No. 1-2 at 5 ¶ 18);

3. On or about July 21, 2019, Harris chose to ignore and not fix a dangerous condition that he was specifically aware of (ECF No. 1-2 at 5 ¶ 20);

4. On or about July 21, 2019, decedent, while on the premises in question, was exposed to and did encounter a dangerous hazard, namely a foreign substance on the floor near the freezer section that had leaked out from the freezers (ECF No. 1-2 at 5 ¶ 21); and

5. Decedent was required to, and did, employ physicians, surgeons, and other healthcare providers to examine, treat, and care for her and did incur medical and incidental expenses thereby (ECF No 1-2 at 12 ¶ 33).

Even taking each of these facts as true, the court does not find a plausible claim of negligence against Harris for which relief can be granted. Employees' duties to third parties are

James C. Mahan
U.S. District Judge

- 7 -

limited to those an ordinary person would owe a stranger.  *See Bock-Kasminoff v. Walmart, Inc.*, 2:20-cv-00949-JAD-EJY, ECF No. 3 (June 1, 2020), ECF No. 14 (July 7, 2020) (holding a defendant store manager in a temporary hazard slip-and-fall case shared no independent duty to a plaintiff); Restatement (Third) of Agency § 7.01 & cmt. d (2006).

The court finds no plausible claim that Harris would have a duty to act beyond a reasonable person and thus cannot draw a reasonable inference of negligence liability.  *See Iqbal*, 556 U.S. at 678.  Plaintiffs' complaint as to negligence against Harris is DISMISSED.

     *2.  Respondeat Superior, Negligent Entrustment, Hiring, Training, and Supervision*

"The tort of negligent hiring imposes a general duty on an employer to conduct a reasonable background check on a potential employee to ensure that" he or she is suitable for the position.  *Burnett v. C.B.A. Sec. Serv.*, 820 P.2d 750, 752 (Nev.1991). "An employer breaches this duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities." *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev.1996).

To prevail on a claim for negligent hiring and supervision, a plaintiff must show: (1) a general duty on the employer to use reasonable care in the hiring, training, and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation. *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013) (quotation omitted); *Burnett v. C.B.A. Sec. Serv.*, 820 P.2d 750, 752 (Nev.1991).

Plaintiffs incorporated by reference all allegations of the prior claim and asserted no new well-pled, non-conclusory facts.  Thus, the court finds the same allegations and takes them as true for plaintiffs' second claim against Harris.

No allegations indicate Harris entrusted, hired, trained, or supervised anyone responsible for the hazard that allegedly gave rise to decedent's injuries.  Since there is no plausible claim

**James C. Mahan**
**U.S. District Judge**

- 8 -

that Harris negligently entrusted, hired, trained, or supervised anyone, upon which relief can be granted, plaintiffs' complaint as to negligent entrustment, hiring, training, and supervision against Harris is DISMISSED.

Thus, defendants' motion to dismiss Harris is GRANTED.

Defendants' motion for leave to file a supplement to their motion to dismiss is DENIED as moot.

Plaintiffs are granted leave to amend their complaint as to Harris only. *See DeSoto*, 957 F.2d at 658; *Foman* 371 U.S. at 182.

**b. Motion to Remand**

The parties do not dispute that Harris was the only inhibitor to complete diversity. (ECF Nos. 8, 11). All plaintiffs are residents of Nevada, and defendants are foreign corporations. (ECF No. 1-2 at 3). Harris is no longer a party to this action and thus there is complete diversity pursuant to 28 U.S.C. § 1332.

The parties also do not dispute, and the court agrees, the amount in controversy exceeds the $75,000 jurisdictional limit. (ECF No. 1-2; 10 at 5); *see* 28 U.S.C. § 1332. Plaintiff seeks in excess of $15,000 for each: (1) general damages; (2) medical, funeral, and burial expenses, as well as exemplary and punitive damages; (3) compensatory damages; (4) loss of love, affection, companionship guidance, instruction, and society; (5) grief, mental anguish, and emotional distress of survivors; (6) decedent's pain and suffering; (7) decedent's mental anguish and emotional distress; and (8) punitive damages for implied malice. (ECF No. 1-2 at 17–18). Plaintiff also seeks costs of this suit, prejudgment interest, attorney's fees, and special damages for medical and miscellaneous expenses. (*Id.* at 18–19). Thus, the amount in controversy is at

**James C. Mahan**
**U.S. District Judge**

- 9 -

least $120,000 with additional damages sought, satisfying the jurisdiction requirement. *See* 28 U.S.C. § 1332.

Thus, the requirements of diversity jurisdiction are met; plaintiffs' motion to remand is DENIED.

## IV.     CONCLUSION

Accordingly, consistent with the foregoing,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss Harris (ECF No. 5) is GRANTED;

IT IS FURTHER ORDERED plaintiffs are granted limited leave to amend;

IT IS FURTHER ORDERED plaintiffs' motion to remand (ECF No. 8) is DENIED;

IT IS FURTHER ORDERED defendants' motion for leave to file a supplement to their motion to dismiss (ECF No. 17) is DENIED as MOOT.

DATED September 30, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**